IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONDRA JENNINGS,<br><br>    Plaintiff,<br><br>v.<br><br>LOANCARE, LLC, IMPAC MORTGAGE CORP., THE REALTY GROUP,<br><br>    Defendants. | Case No: 1:18-cv-05088-SCJ-JKL |

## MEMORANDUM OF LAW IN SUPPORT OF LOANCARE AND IMC'S MOTION TO DISMISS

COME NOW, LoanCare, LLC ("LoanCare") and IMPAC Mortgage Corp. ("IMC"), and file this Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

### STATEMENT OF FACTS

This case relates to the rescinded foreclosure sale of the property located at 917 Kite Lake Trail, Fairburn, Georgia (the "Property"). [Doc. 1] at ¶ 7. IMC is the holder of a security deed signed by the Plaintiff which encumbering the Property,

1

and LoanCare is the servicer. *See id.* at p. 19 (identifying IMC as the holder); *id.* at ¶ 4 (identifying unnamed defendant as servicer, which LoanCare asserts refers to itself).

The Plaintiff alleges that as of November 16, 2017, the loan secured by the subject security deed was in default and the amount necessary to reinstate the loan to a current status was $15,982.77. *Id.* at ¶ 8. On December 5, 2017, IMC conducted a foreclosure sale at which it was the high bidder. The Property was then conveyed to it via deed under power. *Id.* at p. 19. Subsequently, on March 5, 2018, counsel for IMC recorded an "Affidavit Rescinding Foreclosure Sale," asserting that "the Deed Under Power was recorded in error, as the foreclosure sale was void ab initio." *Id.* at p. 22. The Plaintiff asserts that the foreclosure was conducted "without proper notice as required by Georgia law." *Id.* at ¶ 9.

Shortly after the December 5 foreclosure sale, it is alleged that "Servicer and Mortgagee seized control and possession of the property, changed the lock and put a lock box on the door to prevent entry by [Plaintiff] on or about December 5, 2017 and listed the property for sale." *Id.* at ¶ 11. The Plaintiff claims that he "was denied sole possession of his property from December 5, 2017 through March 5 2018 . . . ." *Id.* at ¶ 14. Although the Plaintiff, in paragraph 11, references a date of

December 5, later in the Complaint, he says it was a realtor who changed the locks and did so on January 19, 2018. *Id.* at ¶ 15.

Lastly within the facts section, the Plaintiff complains that LoanCare and IMC "reported to consumer reporting agencies that Jennings had a foreclosure from December 2017 through currently, upon information and belief." *Id.* at ¶ 13.

Based on these bare allegations, the Plaintiff set forth the following claims: 1) negligent misrepresentation; 2) wrongful foreclosure; 3) violation of the Fair Credit Reporting Act; 4) wrongful eviction; and 5) intentional infliction of emotional distress; 6) negligence. The Plaintiff has failed to allege sufficient facts to recover on any of these claims, and the case should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

**A.     STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-

plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### B.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

In Count I, the Plaintiff attempts to set forth a claim for negligent misrepresentation based on allegations that do not appear within the statement of facts in the Complaint. This claim is based on the following allegations:

> 19. Servicer negligently supplied false information to Jennings that his property would not be foreclosed upon until the reinstatement numbers were accurate and correct.
> 20. Servicer negligently and falsely advised Jennings that fees associated with the wrongful foreclosure on December 5, 2017 would be rescinded.
> 21. Servicer negligently and falsely advised that Jennings credit would be corrected to reflect that his property had not been foreclosed upon.
> 22. Jennings reasonably relied on servicer's misrepresentation that his home would not be foreclosed upon.
> 23. Jennings reasonable relied on servicer's misrepresentation that his credit would be corrected.
> 24. Jennings reasonably relied on servicer's misrepresentation that al fees, including but not limited to mortgage fees and attorneys fees, during the time of the wrongful foreclosure would be removed from the reinstatement amount.
> 25. Jennings has suffered economic and non-economic injury as he relied on servicer's misrepresentations and bad faith communications.

4

> 26. As a result of the false representations and misrepresentations, Jenning's home is subject to foreclosure on November 6, 2018.
> 27. As a result of the false representations and misrepresentations Jenning's credit has been affected negatively.
> 28. As a result of the false and negligent misrepresentations, Jennings had to hire this firm and pay a reasonable fee for representation and to protect his interests.

[Doc. 1] at ¶¶ 19-28.

Under Georgia law, "[t]he elements of a claim for negligent misrepresentation are: '(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon the false information; and (3) economic injury resulting from such reliance.'" *Liberty Cap., LLC v. First Chatham Bank*, 789 S.E.2d 303, 308 (Ga. Ct. App. 2016) (quoting *Hardaway Co. v. Parsons, Brickerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727 (Ga. 1997)). Such a claim must be pleaded with particularly under Rule 9(b). *George Raymond Hester, Jr. v. UMR Ins. Co.*, No. CV 516-82, 2017 WL 150507, at *3 (S.D. Ga. Jan. 13, 2017). This standard requires that a Plaintiff "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (citation omitted).

Here, the Plaintiff's claim fails for a number of reasons. First, it is readily apparent that he failed to plead the claim with particularity:

- The precise statements at issue are never identified. It is never alleged how the supposed misrepresentations were communicated to the Plaintiff.

- There are no allegations concerning the time, place, or person responsible for the subject statements.

- The Plaintiff never states how he was misled. He never says that he took any action or inaction to his detriment.

The claim is so deficient that not only does it fail to satisfy Rule 9(b), but it also fails under Rule 8(a). The allegations are conclusory, fail to set forth any basic facts about the statements at issue, and most importantly, do not say what the Plaintiff did to rely on these statements. There are also no facts related to damages. He complains that "[a]s a result of the false representations and misrepresentations, Jenning's home is subject to foreclosure on November 6, 2018," but there is no indication that the sale actually took place on that date. He also attempts to plead that his damages consist of attorney's fees in this action, but it is axiomatic that attorney's fees incurred in this litigation are not recoverable absent a statute or contract that allows it. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158, 2164

(U.S. 2015). No such statute or contract exists with respect to a common law negligent misrepresentation claim.

The only other allegation of damage relates to the contention that LoanCare "misrepresentation that his credit would be corrected" and failed to do so, resulting in the Plaintiff's credit being negatively impacted. Aside from being inadequately pleaded, the claim could never survive on this basis because claims of negligence related to credit reporting are preempted by the Fair Credit Reporting Act. 15 U.S.C. § 1681h(e); *see also Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1379-80 (N.D. Ga. 2004). Accordingly, the Plaintiff has failed in all respects to state a claim for negligent misrepresentation, and Count I must be dismissed.

**C.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WRONGFUL FORECLOSURE**

In Count II, the Plaintiff alleges that LoanCare and IMC are liable for wrongful foreclosure by foreclosing in December 2017 "without proper notice according to Georgia law." [Doc. 1] at ¶ 32. "A plaintiff asserting a claim of wrongful foreclosure must establish (1) a legal duty owed to it by the foreclosure party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained and (4) damages." *Canton Plaza, Inc. v. Regions Bank, Inc.*, 732 S.E.2d 449, 454 (Ga. Ct. App. 2012) (citation omitted).

Without analyzing any of the factors, the claim can be immediately dismissed because the sale was rescinded.

> where the lender ... is also the purchaser at an illegal and void sheriff's sale, we see no reason why he can not treat the sale as void, and proceed in the manner which he should have first adopted in the enforcement of his execution. **The [borrower] can not complain that the [lender] treats as void a sale which the law pronounces invalid, and proceeds to sell again.**

*Duke Galish LLC v. SouthCrest Bank*, 314 Ga. App. 801, 803, 726 S.E.2d 54, 56 (2012) (quoting *Culver v. Lambert*, 132 Ga. 296, 297, 64 S.E. 82 (1909)) (emphasis added).

Even if this was not the state of the law, the Plaintiff still failed to properly allege the elements of wrongful foreclosure. The extent of the Plaintiff's claimed damages are that the foreclosure "caused injury to Jennings and continues to cause injury," that he "sustained damages as a result of defendants' wrongful foreclosure and continues to sustain damage and injury," and that he "had to retain the services of this firm at a reasonable rate to protect her [*sic*] interests." [Doc. 1] at ¶¶ 38-40. This is an improper formulaic recitation of the damages element (and, as stated in section B, *supra*, attorney's fees incurred in litigation are not damages). Count II should be dismissed.

### D. THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A VIOLATION OF THE FCRA

Next, in Count III, the Plaintiff says that LoanCare and IMC are liable for violations of the Fair Credit Reporting Act ("FCRA"). The FCRA severely limits when a consumer may bring a private right of action for either willful or negligent noncompliance. *See Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (citing 15 U.S.C. § 1682s-2(b)(1)). In order to proceed with such an action, a consumer must first send notice of their dispute to a consumer reporting agency, such as Experian or Equifax. *Id.* Then, the consumer reporting agency must send, and the furnisher of information (i.e., LoanCare) must receive, notice of the consumer's dispute. *Id.* Once a furnisher receives notice of the dispute, § 1681s-2(b) prescribes the furnisher's duties.

The Plaintiff here never once alleges that he sent a dispute to a consumer reporting agency. *See* [Doc. 1] at ¶¶ 41-50. That is fatal to his claim and Count III is subject to immediate dismissal.

### E. DEFENDANTS ARE NOT LIABLE FOR WRONGFUL EVICTION BECAUSE THEY HAD THE RIGHT TO SECURE THE PROPERTY

In Count IV, the Plaintiff contends that LoanCare and IMC are liable for wrongful eviction by entering the Property after the foreclosure sale and changing the locks. [Doc. 1] at ¶¶ 51-58. Under Georgia law, "[t]he exclusive method

9

whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to O.C.G.A. § 44-7-50 *et seq.* [cit.]. Thus, a landlord who forcibly evicts a tenant without filing a dispossessory action and obtaining a writ of possession is subject to damages in tort for the wrongful eviction." *Steed v. Fed. Nat'l Mortg. Ass'n*, 689 S.E.2d 843, 848 (Ga. Ct. App. 2009) (citations omitted).

The Plaintiff's claim is subject to dismissal first and foremost because the foreclosure sale was treated as void, and therefore no landlord-tenant relationship ever arose. *See id.* (borrower remaining in possession after foreclosure sale becomes a tenant at sufferance). This relationship is required to bring a claim of wrongful eviction. Even if such a relationship was present, the Plaintiff has not alleged that he suffered any damages as a result of being locked out. There are no allegations that he was residing in the Property at the time, that he tried to enter but was unable to, or that he suffered any other quantifiable damages. Instead, he only says that he "was damaged as a result of the wrongful eviction," [Doc. 1] at ¶ 58, which is insufficient under *Twombly* and *Iqbal*.

## F.     THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR IIED

In Count V, the Plaintiff claims that LoanCare and IMC are liable for intentional infliction of emotional distress ("IIED") based on the alleged refusal to

correct reinstatement figures so that they do not include fees for the December 2017 foreclosure sale.

> Georgia has long recognized a cause of action for intentional infliction of emotional distress. However, the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.

*Thompson-El v. Bank of Am., N.A.*, 759 S.E.2d 49, 52 (Ga. Ct. App. 2014).

Here, the Plaintiff has completely failed to state a cognizable claim. To start with, he has failed to plead any facts, only conclusions. The Complaint says only:

> 65. Defendants' conduct towards Jennings is intentional
> 66. Defendants' conduct towards Jennings is reckless.
> 67. Defendants' conduct is extreme and outrageous and shocks the conscience of the public.
> 68. Defendants' wrongful conduct is the proximate cause of Jennings' severe emotional distress, anxiety, and mental anguish.

[Doc. 1] at ¶¶ 65-68.

These bare allegations subject the claim to immediate dismissal, as "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' [cit.]. Nor does a complaint suffice if it

tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly* 550 U.S. at 555-57).

Additionally, the conduct complained of is not sufficiently outrageous or egregious. The Georgia Court of Appeals has held that inaccurate statements made during foreclosure proceedings "cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency." *Racette v. Bank of Am., N.A.*, 733 S.E.2d 457, 465 (Ga. Ct. App. 2012) (quoting *Frank v. Fleet Fin., Inc. of Ga.*, 518 S.E.2d 717 (Ga. Ct. App. 1999)). Thus, the Plaintiff has completely failed to state a claim for IIED, and Count V must be dismissed.

### G. THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR NEGLIGENCE

In the final substantive claim in the Complaint, the Plaintiff attempts to set forth a claim of negligence. "It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E.2d 87, 89 (Ga. 2017) (citation omitted).

The Plaintiff claims that LoanCare and IMC committed negligence by failing in duties to "provide accurate information to reporting agencies, to operate in good faith, to provide notices to appropriate addresses, to have legal authority to enter and take possession of his property, [and] to follow all state and federal

laws." [Doc. 1] at ¶ 72. As a result of these actions, the Plaintiff alleges he "has suffered damages, pain, menta anguish and emotional distress, and continues to be damaged and harmed as a direct and proximate result of the breach of legal duties owed to [him]." *Id.* at ¶ 76.

This empty and conclusory recitation of supposed damages is insufficient and fails to show, with facts, that the Plaintiff has suffered damages. As such, the claim fails as a matter of law. Additionally, failing "to provide accurate information to credit reporting agencies" is preempted by the FCRA. 15 U.S.C. § 1681h(e); *see also Johnson*, 351 F. Supp. at 1379-80. Thus, Count VI fails to state a claim and should be dismissed.

**H.     COUNTS VII AND VIII ARE NOT CAUSES OF ACTION**

The Complaint contains Counts VII and VIII, but these are not causes of action that require consideration by the Court. Instead, the Plaintiff merely states, in conclusory terms, that he is entitled to damages for the claims set forth earlier in the Complaint. However, such "claims" are "requests for relief rather than affirmative causes of action . . . ." *Adams v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-cv-04263-RWS, 2012 WL 5077356, at *1 n.1 (N.D. Ga. Oct. 17, 2012). Thus, this Court should not construe these counts as independent causes of action.

Once Counts 1-VI are dismissed, the entire case should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, LoanCare and IMC respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 19th day of December, 2018.

        */s/ Bret J. Chaness*
        BRET J. CHANESS (GA Bar No. 720572)
        **RUBIN LUBLIN, LLC**
        3145 Avalon Ridge Place, Suite 100
        Peachtree Corners, GA 30071
        (678) 281-2730 (Telephone)
        (404) 921-9016 (Facsimile)
        bchaness@rubinlublin.com

        *Attorney for LoanCare, LLC and IMPAC Mortgage Corp.*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 19th day of December, 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 19th day of December, 2018, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

                                */s/ Bret J. Chaness*
                                BRET J. CHANESS (GA Bar No. 720572)