IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONDRA JENNINGS,                          :
                                          :
    Plaintiff,                            :        CIVIL ACTION FILE
                                          :        NO.: 1:18-cv-5088-SCJ
v.                                        :
                                          :
LOAN CARE, LLC,                           :
IMPAC MORTGAGE CORP.,                     :
and THE REALTY GROUP,                     :
                                          :
                                          :
    Defendants.                           :
_____          :

## DEFENDANT THE REALTY GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Westside Realty Investments, Inc. d/b/a The Realty Group ("The Realty Group") and files this, its Memorandum of Law in Support of Its Motion to Dismiss, or, In the Alternative, For More Definite Statement (the "Motion") pursuant to Federal Rules of Civil Procedure 12(b)(6), 8, and 12(e). The Defendant respectfully requests that the Court dismiss Plaintiff's complaint (the "Complaint") against The Realty Group. In the alternative, the Defendant requests

1

that the Court order the Plaintiff to amend the Complaint to resolve all vagueness and ambiguities contained therein.

## I.      INTRODUCTION

Plaintiff Dondra Jennings ("Plaintiff" or "Jennings") filed the Complaint in this action against Defendants Loan Care, LLC ("Loan Care"), Impac Mortgage Corporation ("Impac"), and The Realty Group. The Complaint fails to allege the necessary facts to support any of the claims against The Realty Group. Several of the claims make no mention whatsoever of The Realty Group or any actions that could plausibly be attributed to The Realty Group. Those claims which do mention The Realty Group are not clearly brought against The Realty Group, and, even if the claims are construed as against all Defendants, the Complaint does not contain sufficient factual allegations that would entitle the Court to grant Jennings' requested relief against The Realty Group. Furthermore, the Complaint is drafted in such a vague and imprecise manner that The Realty Group cannot reasonably ascertain which claims are brought against it nor can The Realty Group properly respond.

## II.     STATEMENT OF FACTS

On November 5, 2018, Jennings filed his Complaint in this action alleging claims for Negligent Misrepresentation (Count I), Wrongful Foreclosure (Count II),

Violation of the Fair Credit Reporting Act (Count III), Wrongful Eviction (Count IV), Intentional Infliction of Emotional Distress (Count V), and Negligence (Count VI), as well as claims for Nominal, General, and Statutory Damages (Count VII) and Punitive Damages (Count VIII). Although the majority of the claims appear to be asserted against only Loan Care and Impac, at least one claim appears to be made against all Defendants, including The Realty Group. However, the factual allegations are insufficient to support any claim against The Realty Group and the Complaint fails to properly allege which claims Jennings makes against each party. As a result, The Realty Group is unable to determine the grounds under which Jennings seeks relief from The Realty Group.

The factual allegations in the Complaint are threadbare. The Complaint alleges that Jennings' property at 917 Kite Lake Trail (the "Property") was foreclosed on without proper notice under Georgia law, and that Loan Care and Impac then seized control and possession of the Property and listed it for sale. (*See* Complaint, ¶¶ 9-11). The foreclosure was voluntarily rescinded by Impac and the Property was returned to Jennings, but Jennings alleges that Loan Care and Impac reported the foreclosure to consumer reporting agencies and have not corrected the information relating to the foreclosure. (Complaint, ¶¶ 12-13). Only one factual allegation

mentions The Realty Group: Jennings' allegation that the Property was seized by the realtor who entered the property and changed the locks on January 19, 2018. (Complaint, ¶ 15). Not only is this information factually inaccurate, but it is wholly inadequate to support any of the claims that Jennings brought or may have intended to bring against The Realty Group. The Realty Group merely acted at the direction of Impac to secure the Property for sale.

Furthermore, the only injury specifically alleged by Jennings against any Defendant is his denial of sole possession of the Property from December 5, 2017 through March 5, 2018. (Complaint, ¶ 14). This alleged injury is presumably the result of the alleged property seizure and lock change. The allegation against The Realty Group refers to a Property seizure and lock change, but this allegation is also wholly attributed to Loan Care and Impac. (*See* Complaint, ¶ 11). Furthermore, the beginning date of Jennings' alleged injury is the same date when Loan Care and Impac allegedly seized control and possession of the property and changed the lock: December 5, 2017. Although the Plaintiff is entitled to plead inconsistent allegations, the fact that his alleged injury begins on the date he alleges Loan Care and Impac took control of the Property and not the date he alleges The Realty Group entered

the property indicates the allegation against The Realty Group has no merit and the source of Jennings' injuries—if he suffered any—is not The Realty Group.

The Realty Group is unable to determine the specific facts upon which Jennings brings this lawsuit, particularly as they apply to The Realty Group and is therefore unable to prepare a responsive pleading. Even if Jennings had asserted more than a single factual allegation against The Realty Group, the claims in the Complaint do not clearly delineate which parties each claim is brought against. As a result, The Realty Group files this Motion because Jennings fails to properly allege any wrongful actions for which The Realty Group could be liable.

### III.   <u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

To decide whether to grant this Motion, the Court must determine whether the Complaint sets forth sufficient facts to state a legal claim under Federal Rule of Civil Procedure 8. A complaint must contain a short and plain statement of the court's jurisdiction, a short and plain statement of the claim showing that the plaintiff is entitled to relief against the defendants, and a demand for the relief sought. F.R.C.P. 8. A Defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted before its responsive pleading pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, a party may file a motion for more

definite statement before its responsive pleading pursuant to Federal Rule of Civil Procedure 12(e).

The "[f]actual allegations [in a complaint] must be enough to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). The Complaint must set forth this information to give Defendants fair notice of the claims asserted against them and the grounds upon which the claims rest. *Id; see also Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 1953 (2009) (clarifying that the *Twombly* pleading standard applies to "all civil actions"). Plaintiff's Complaint merely sets out the generic predicates of various claims it may or may not intend to bring against The Realty Group, wholly fails to articulate factual circumstances that support Jennings' claims with sufficient specificity, and fails to explain who each count is against.

Therefore, Plaintiff's claims against The Realty Group must be dismissed because (1) Counts I, II, and III are not clearly asserted against The Realty Group and, even if they are intended to be asserted against all Defendants, do not include any factual allegations to support the claims against The Realty Group; and (2) Counts IV, V, VI, VII, and VIII fail to meet the federal pleadings requirements because the Complaint does not contain factual allegations to support Jennings'

claims against The Realty Group. In the alternative, Jennings must re-plead his Complaint with greater specificity so as to satisfy the *Twombly* and *Iqbal* requirements and demonstrate which claims it asserts against The Realty Group as well as the factual basis for the claims, both of which are absent from this Complaint.

### A. Plaintiff's Complaint Should Be Dismissed as To The Realty Group Because It Does Not Meet Federal Pleading Standards and Fails to State a Claim Upon Which Relief Can Be Granted.

In *Twombly*, the Supreme Court determined that a complaint must contain *factual allegations*, not merely conclusions or formulaic allegations, which are "enough to raise a right to relief above a speculative level" and that the facts alleged must "nudge the claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 556, 570, 127 S. Ct. at 1965, 1974.

The Court then elaborated on this standard in *Iqbal*, and held that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than sheer possibility that a defendant has acted unlawfully.

129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556, 570).

None of the claims in Jennings' Complaint state a claim for relief against The Realty Group and the sole factual allegation pertaining to The Realty Group does not nudge any of the claims across the line from conceivable to plausible. The Complaint should therefore be dismissed as a matter of law against The Realty Group.

1. Counts I, II, and III Are Not Clearly Brought Against The Realty Group, and, Even If Construed Against All Defendants, The Complaint Does Not Contain Factual Allegations to Grant Relief From The Realty Group.

Counts I, II, and III make no mention of The Realty Group or any facts that could be attributed to The Realty Group. The phrasing of these claims, however, is so unclear that The Realty Group is unable to determine whether these claims are brought against Loan Care, Impac, The Realty Group, or some combination of the three named Defendants. Even if this Court allows Jennings an opportunity to amend the Complaint and clarify against whom he brings each claim, Counts I, II, and III should be dismissed as to The Realty Group because there is no claim for which relief can be granted.

a. Jennings' Claim for Negligent Misrepresentation should be Dismissed Because Jennings Alleges no Facts to Support this Claim Against The Realty Group.

In Georgia, the elements of a claim of negligent misrepresentation are (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance. *Home Depot U.S.A., Inc. v. Wabash Nat'l Corp*, 314 Ga. App. 360, 367, 724 S.E.2d 53, 60 (2012).

Federal Rule of Civil Procedure 9(b) requires that when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." The "particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). The Rule 9(b) requirements are met when the complaint alleges:

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and they manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1237 (11th Cir. 2008) (citations omitted). This particularity requirement applies to Jennings' claim for negligent misrepresentation under Georgia law. Negligent misrepresentation claims are dismissed when this requirement is not met. *See Anderson v. Athene Annuity & Life Ins. Co.*, No. 1:16-CV-1637-CAP, 2016 WL 3883031, at *3 (N.D. Ga. June 23, 2016) (finding that plaintiff must plead negligent misrepresentation claims with particularity); *Brown v. SunTrust Bank*, No. 2:14-CV-0014-RWS-JSA, 2014 WL 4925719, at *9 (N.D. Ga. Sept. 30, 2014) (holding same).

In his Complaint, Jennings includes no factual allegations that could give rise to a claim for relief under Count I. The single factual allegation against The Realty Group relates to the realtor allegedly entering the Property and changing the locks. Even the most generous reading of such an allegation cannot be construed to provide relief under a claim for negligent misrepresentation. Furthermore, the heightened pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure are certainly not met as The Realty Group is not even mentioned in Count I. Jennings has no Claim for negligent misrepresentation against The Realty Group, but has not clearly indicated that Count I is not brought against The Realty Group. Therefore, this Claim must be dismissed.

       b. Jennings' Claim for Wrongful Foreclosure should be Dismissed Because The Realty Group had no Role in the Foreclosure and Jennings has not Alleged any Facts to the Contrary.

Under Georgia law, a plaintiff must establish that there was a legal duty owed to it by the foreclosing party, there was a breach of that duty, there is a causal connection between the breach of that duty and the injury sustained, and must show damages suffered as a result. *All Fleet Refinishing, Inc. v. W. Ga. Nat'l Bank,* 280 Ga. App. 676, 681, 634 S.E.2d 802, 807 (2006). Furthermore, a violation of the foreclosure statute is necessary to constitute a wrongful foreclosure. O.C.G.A. §§ 44-14-161 et seq.; *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000).

The factual allegation Jennings makes against The Realty Group is insufficient to state a claim for relief under Count II. Again, The Realty Group is not mentioned once in this Claim. If Jennings intends to bring this Claim against all three Defendants, he has done nothing more than recite the legal elements of this Claim as it may apply to The Realty Group. This is inadequate under the *Twombly* and *Iqbal* standards. Furthermore, even if Jennings is able to prove a violation of the foreclosure statute necessary to constitute a wrongful foreclosure, it is inapplicable

to The Realty Group as the broker has no power to effect a foreclosure under the statute. This Claim must be dismissed against The Realty Group.

   c. Jennings' Claim for Violation of the Fair Credit Reporting Act should be Dismissed Because the Act Does Not Apply to The Realty Group.

  The Fair Credit Reporting Act was enacted to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy"; the Act imposes obligations on these agencies as well as violations for failure to adhere to the Act.  15 U.S.C. § 1681(a)(4). A consumer reporting agency is defined as "any person, which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C § 1681a(f).

  The Realty Group does not fall within the definition of a consumer reporting agency and therefore the Claim for violation of the Fair Credit Reporting Act must be dismissed against it, if Jennings did, in fact, intend to bring this Claim against all Defendants. Furthermore, the Complaint sets forth no factual allegations against The

Realty Group that could be construed in any way to give rise to a claim for relief under the Fair Credit Reporting Act.

2. Counts IV, V, VI, VII, and VIII Do Not Meet Federal Pleading Standards Because The Claims Against The Realty Group Are Not Supported By Factual Allegations and Therefore State No Plausible Claim Of Relief.

a. Jennings' Claim for Wrongful Eviction should be Dismissed Because Agents Cannot be Liable for Wrongful Evictions.

Under Georgia law, duties relating to dispossessions/evictions are non-delegable. *See Ikimoni v. Exec. Asset Mgmt., LLC*, 309 Ga. App. 81, 85, 709 S.E.2d 282, 286 (2011); *Steed v. Fed. Nat'l Mortgage Corp.*, 301 Ga. App. 801, 806, 689 S.E.2d 843, 848-49 (2009). Thus, even if Loan Care or Impac failed to perform the statutory requirements of an eviction, which Jennings has not demonstrated, its downstream agents are not liable. The Realty Group therefore cannot be liable to Jennings for wrongful eviction; this Claim must be dismissed.

b. Jennings' Claim for Intentional Infliction of Emotional Distress should be Dismissed Because no Facts Support this Claim Against The Realty Group.

To prevail on a claim for intentional infliction of emotional distress under Georgia law, a plaintiff must show that "'defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *E. River*

*Savings Bank v. Steele,* 169 Ga. App. 9, 10, 311 S.E.2d 189, 190-91 (1983) (quoting

*Ga. Power Co. v. Johnson*, 155 Ga. App. 862, 863, 274 S.E.2d 17 (1980)). In *East*

*River Savings Bank*, the Court of Appeals found that Steele's allegations regarding

wrongful foreclosure was not "as a matter of law, an event so humiliating, insulting,

or terrifying so as to have come within the ambit of a cause of action for intentional

infliction of emotional distress." *E. River Savings Bank*, 169 Ga. App. at 10, 311

S.E.2d at 191. The burden is a tremendous one for plaintiff to demonstrate.

    As an initial matter, Jennings provides no facts relating to his alleged damages

of "severe emotional distress, anxiety, and mental anguish." (Complaint, ¶ 68). Even

if Jennings is allowed to amend his Complaint and provide further detail of alleged

damages, none of them can be attributed to the lone factual allegation against The

Realty Group. In fact, the factual allegation regarding The Realty Group allegedly

occurred in January 2018: a month before Jennings was ever even aware of the

foreclosure. Jennings cannot satisfy the huge burden of stating a claim for intentional

infliction of emotional distress based on a single action that he alleges occurred

entirely outside his awareness. Furthermore, this Claim is based on the "attempted

multiple foreclosures" and "multiple requests for [Jennings'] reinstatement figures

to be corrected." (Complaint, ¶¶ 61, 62). Neither of these claims are made against

The Realty Group nor are there any facts alleged that would support a claim that Jennings is entitled to relief from The Realty Group for these actions. This Claim must be dismissed against The Realty Group.

      c.  Jennings' Claim for Ordinary Negligence should be Dismissed Because it Merely Recites the Legal Elements of the Claim and Demonstrates no Plausibility of Relief from The Realty Group.

Although Jennings recites the legal elements of a negligence claim, he provides virtually no factual basis for this Claim against The Realty Group. Jennings alleges that "Defendants had a duty to operate with ordinary diligence, to the degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances." (Complaint, ¶ 71). The factual allegation against The Realty Group sheds no light on this alleged duty to operate with ordinary diligence.

The Claim also alleges that "Defendants all had a duty to Jennings to provide accurate information to reporting agencies, to operate in good faith, to provide notices to the appropriate address, to have legal authority to enter and take possession of his property, to follow all state and federal laws." (Complaint, ¶ 72). This allegation, however, is logically impossible as The Realty Group could not possibly have a duty to provide accurate information to reporting agencies under the Fair Credit Reporting Act. The Realty Group also has no authority to effect

15

foreclosures and thus had no duty to provide notices regarding the foreclosure to the appropriate address. Therefore, not *all* Defendants owed these duties, yet the allegation reads as an all-or-nothing obligation of duties owed to Jennings. Paragraph 72 of the Complaint is also the only allegation in this Claim that does not merely recite the legal elements. Because Paragraph 72 cannot apply to The Realty Group and the remaining allegations are recitations of a negligence claim without any supporting facts, the Claim must be dismissed against The Realty Group.

> d. Jennings' Claims for Damages in Counts VII and VIII should be Dismissed Because the Claims Against The Realty Group that Provide for Damages Fail.

Jennings alleges entitlement to damages based on negligence, intentional infliction of emotional distress, negligent misrepresentation, wrongful foreclosure, wrongful eviction, and violation of the Fair Credit Reporting Act. Jennings also makes a Claim for punitive damages under O.C.G.A. Section 51-12-5.1. To sustain a claim for punitive damages, the Plaintiff must show circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton. *See Fulton v. Anchor Savings Bank,*

*FSB,* 215 Ga. App. 456, 468, 452 S.E.2d 208, 218 (1994). Negligence or even gross negligence is insufficient for an award of punitive damages. *Id.*

Jennings has not met his burden for a punitive damages award against The Realty Group; he has not even demonstrated how this Court could find the single factual allegation asserted against The Realty Group to be negligent. Furthermore, because all claims against The Realty Group do not provide plausibility of entitlement to relief, the accompanying claims for damages must be dismissed.

### B. Alternatively, Plaintiff Should Be Required To Provide A More Definite Statement of Their Claims So The Realty Group May Properly Respond To And Defend Itself In This Action.

The Realty Group believes that its Motion to Dismiss is justified as a matter of law. To the extent that the Court finds that Jennings may be able to assert claims if additional facts are pled, then The Realty Group requests that the Court order Jennings to properly and fully amend his Complaint within fourteen days or risk having the entire Complaint against The Realty Group stricken.

Federal Rule of Civil Procedure 12(e) permits a party to file a motion if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." F.R.C.P. 12(e). Therefore, The Realty Group moves for more definite statement so

the Court may order Jennings to re-plead his allegations to comply with the *Twombly* and *Iqbal* standards.

As it stands, the Complaint does not clearly distinguish which claims are being brought against which parties to this action. The Complaint therefore fails to provide The Realty Group any information regarding the plausibility of Jennings' claims against it. As a result, The Realty Group is unable to reasonably prepare a response and shows that Jennings should be required to provide the necessary details to remedy the facts.

I.   <u>Count I-Negligent Misrepresentation</u>: Count I mentions Defendants servicer and mortgagee (Loan Care and Impac), but does not mention The Realty Group. However, it is unclear whether Jennings' reference to "Defendants" applies solely to the servicer and mortgagee mentioned in this Count or whether the claim may be asserted against all Defendants named in this action. If Count I is asserted against all Defendants, Jennings has not alleged any misrepresentations made to Jennings that are attributable to The Realty Group. Jennings should be required to amend his Complaint to demonstrate which Defendants he intends to bring this Claim against so The Realty Group may properly respond.

II.   <u>Count II-Wrongful Foreclosure</u>: Count II mentions Defendants Loan Care and Impac, but does not mention The Realty Group. However, it is unclear whether Jennings' reference to "Defendants" applies solely to the servicer and mortgagee mentioned in this Count or whether the claim may be asserted against all Defendants named in this action. If Count II is asserted against all Defendants, Jennings has not alleged facts to support his contention that The Realty Group wrongfully foreclosed on the Property. Jennings should be required to amend his Complaint to demonstrate which Defendants he intends to bring this Claim against so The Realty Group may properly respond.

III.   <u>Count III-Violation of the Fair Credit Reporting Act</u>: Count III mentions Defendants servicer and mortgagee Loan Care and Impac, but does not mention The Realty Group. However, it is unclear whether Jennings' reference to "Defendants" applies solely to the servicer and mortgagee mentioned in this Count or whether the claim may be asserted against all Defendants named in this action. If Count III is asserted against all Defendants, Jennings has alleged no facts that demonstrate how The Realty Group violated the Fair Credit Reporting Act. The Realty Group is not a

furnisher of information to credit reporting agencies according to the definitions of the Fair Credit Reporting Act and therefore owes no duty to accurately report information relating to credit. Jennings cannot amend his Complaint to avoid dismissal of this Claim as to The Realty Group.

IV.   <u>Count IV-Wrongful Eviction</u>: Count IV alleges that The Realty Group "entered the property . . . without permission, listed the property for sale without permission, and took possession of the property without Jennings' permission." (Complaint, ¶ 54). Count IV also alleges that "all defendants wrongfully evicted Jennings," that "the locks were changed by Realtor in January 2018," and that "Defendants did not possess a writ of possession and did not have authority or permission to enter the premises." (Complaint, ¶¶ 55-57). Not only are Jennings' allegations in this Claim in conflict with the factual allegations set forth in the Complaint and factually incorrect, but the Claim is so vague and imprecise that The Realty Group has no way to discern against whom the Claim is made. In his factual allegations, Jennings simultaneously asserts that Loan Care and Impac changed the locks at the Property on or about December 5, 2017 and that The Realty Group did the same on or about January 19, 2018. (Complaint,

¶¶ 11, 15).  In Count IV, Jennings alleges that The Realty Group changed the locks in January 2018. (Complaint, ¶ 56). The allegation that Loan Care and Impac changed the locks is never mentioned. Jennings should be required to amend his Complaint to demonstrate which Defendants he intends to bring this Claim against and his grounds for bringing the Claim so The Realty Group may properly respond.

V.    <u>Count V-Intentional Infliction of Emotional Distress</u>: Count V alleges that "Defendants" have intentionally inflicted emotional distress upon Jennings by attempting multiple foreclosures and refusing to correct reinstatement figures for the loan on the Property. (Complaint, ¶¶ 61-63). Count V does not specifically allege which Defendants the Claim is against. Count V appears to stem from Counts II and II: neither of which are explicitly asserted against The Realty Group. In addition, Jennings does little more than recite the legal elements for a claim of intentional infliction of emotional distress. Even if Count V is construed as being against all Defendants, Jennings has alleged no facts to support this Claim as it applies to The Realty Group. In fact, Count II is almost certainly asserted against only Loan Care and Impac, and it would be a legal impossibility for The

Realty Group to be liable under Count III. Jennings should be required to amend his Complaint to demonstrate which Defendants he intends to bring this Claim against and his grounds for doing so in order for The Realty Group to properly respond.

VI.   <u>Count VI-Ordinary Negligence</u>:   Count VI alleges that "Defendants" committed negligent acts and omissions. Count VI does not specifically allege which Defendants the Claim is against. Additionally, Jennings merely recites the legal elements of a claim of negligence and does not allege which Defendants committed which actions, if any, to give rise to a Claim in ordinary negligence. Jennings should be required to amend his Complaint to clearly set forth the duties The Realty Group allegedly owed Jennings, how those alleged duties were breached, and how this alleged breach caused damage to Jennings, as well as to clarify which Defendants he intends to bring this Claim against.

VII.   <u>Count VII-Nominal and General Damages Under O.C.G.A. § 51-12-2 and Statutory Damages Under Fair Credit Reporting Act</u>: Count VII references claims for damages against "defendant," "Defendant's," and "Defendants.'" However, at no point does Count VII delineate which

Defendants Jennings seeks damages from under which authority. Count VII includes a claim for damages under the Fair Credit Reporting Act, under which The Realty Group has no liability. (Complaint, ¶ 82). Additionally, Count VII merely recites that damages were incurred, but provides no details regarding those damages. Jennings should be required to amend the Complaint to clearly set forth the parties against which each ground for damages is asserted so that The Realty Group may properly respond.

VIII.   <u>Count VIII-Punitive Damages</u>: Count VIII references both "Defendants" and "Defendant's," but fails to delineate which Defendants are responsible for the allegations in Count VIII. Furthermore, Count VIII merely recites the legal elements for punitive damages under O.C.G.A. Section 51-12-5.1, and there are no factual allegations in the Complaint that make recovery of punitive damages from The Realty Group plausible. Jennings should be required to amend his Complaint to demonstrate which Defendants he intends to bring this Claim against so The Realty Group may properly respond.

## <u>CONCLUSION</u>

For the reasons set forth herein, The Realty Group respectfully requests that this Court dismiss the Complaint against the Realty Group, or, in the alternative, require Jennings to amend the Complaint to clarify which claims are made against The Realty Group and the grounds for such claims so that The Realty Group may properly respond.

RESPECTFULLY SUBMITTED, this 27th day of December, 2018.


BERMAN FINK VAN HORN P.C.


By:   */s/ Charles H. Van Horn*
Charles H. Van Horn
Georgia Bar No. 724710
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

ATTORNEYS FOR DEFENDANT
THE REALTY GROUP

## <u>TYPE AND FONT CERTIFICATION</u>

The undersigned counsel for Defendant herein certifies that the aforementioned **DEFENDANT THE REALTY GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** was prepared in Times New Roman 14 point font size in compliance with LR 5.1B.

This the 27th day of December, 2018.

BERMAN FINK VAN HORN P.C.

By:   */s/ Charles H. Van Horn*
      Charles H. Van Horn
      Georgia Bar No. 724710
      3475 Piedmont Road, N.E.
      Suite 1100
      Atlanta, Georgia 30305
      (404) 261-7711
      (404) 233-1943 (Facsimile)

      ATTORNEYS FOR DEFENDANT
      THE REALTY GROUP

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the

foregoing **DEFENDANT THE REALTY GROUP'S MEMORANDUM OF**

**LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE**

**ALTERNATIVE, FOR MORE DEFINITE STATEMENT** with the Clerk,

United States District Court, using the CM/ECF system, which will automatically

send e-mail notification of such filing to the following attorney of record:

> Vera Starks, Esq.
> Starks Law, LLC
> PO Box 77054
> Atlanta, GA 30357
> admin@starkslawatlanta.com

This the 27th day of December, 2018.

> BERMAN FINK VAN HORN P.C.
>
>
> By:   */s/ Charles H. Van Horn*
>       Charles H. Van Horn
>       Georgia Bar No. 724710
>       3475 Piedmont Road, N.E.
>       Suite 1100
>       Atlanta, Georgia 30305
>       (404) 261-7711
>       (404) 233-1943 (Facsimile)
>
>       ATTORNEYS FOR DEFENDANT
>       THE REALTY GROUP

26